IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TABATHA I. DENNISON,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>                Defendant. | Case No. 11-CV-245-FHM |

**OPINION AND ORDER**

Plaintiff, Tabatha I. Dennison, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's September 13, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held June 1, 2009. By decision dated August 20, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 1, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 32 years old at the time of alleged onset of disability and 36 on the date of the ALJ's decision. She has a General Equivalency Diploma and some college education. She formerly worked as a deli counter worker, waitress, cashier, and poultry processor. Plaintiff claims to have been unable to work since June 29, 2005 as a result of low back pain and right knee pain.

## The ALJ's Decision

The ALJ found Plaintiff has severe impairments of low back pain and right knee pain. The ALJ determined that the Plaintiff has the residual functional capacity (RFC) to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk at least 6 hours in an 8-hour workday [R. 14]. Based on the testimony of the vocational expert, the ALJ determined that Plaintiff could return to her past relevant work as a waitress, cashier, and poultry processor. Further based on the vocational expert's testimony, the ALJ found that there are other occupations in the economy which Plaintiff could perform. This case was thus decided at step four of the evaluative sequence for

determining disability with an alternate five-step finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts the ALJ: failed to properly consider all of the medical source evidence; failed to perform a proper determination at steps 4 and 5 of the sequential evaluation process: and failed to properly evaluate her credibility.

## **Analysis**

### Step 4 Determination

The ALJ's failure to determine the precise physical and mental demands of Plaintiff's past relevant work as required by Social Security Ruling (SSR) 82-62, 1982 WL 31386, and *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996) does not provide a basis for reversal of the decision. The ALJ made an alternative finding that Plaintiff could perform other work in the economy. Since the denial of benefits was not based solely on Plaintiff's ability to return to her past work, it is unnecessary to address that allegation of error.

### Step 5 Determination

Plaintiff argues that the case should be reversed for several reasons related to the ALJ's RFC finding. In posing the hypothetical question to the vocational expert, the ALJ asked the expert to assume the individual had the "capacity to perform work consistent with limitations of Exhibit F-11." [R. 45]. The vocational expert testified that: "[t]he RFC places a person at the light level of work[.]" *Id*. Based on that RFC, the vocational expert stated there were jobs available that could be performed. [R. 45-46].

The practice of providing an exhibit to a vocational expert to glean limitations included in a hypothetical questions is strongly discouraged as it invites confusion and needlessly introduces an opportunity for miscommunication and misunderstanding that are avoided when the ALJ formulates the limitations and verbally expresses them to the vocational expert.

Exhibit 11F is an 8-page form filled out by the state Disability Determination Service (DDS) doctor based on review of the Plaintiff's medical records. [R. 446-453]. The findings of work-related limitations and narrative comments are spread over 6 pages. Limitations can be overlooked by the vocational expert, as apparently happened in this case. Although the vocational expert stated that the RFC was for light work, Exhibit 11F contains additional limitations which the record does not indicate the expert considered. Exhibit 11F limits Plaintiff to occasional climbing, stooping, kneeling, crouching, and crawling. [R. 448]. The exhibit also states Plaintiff is to "avoid concentrated driving and heights due to history of seizures." [R. 450]. The court finds that the vocational expert's testimony does not constitute substantial evidence to support the ALJ's decision because the vocational expert's testimony did not take into account all of the limitations contained in Exhibit 11F.

In addition, the ALJ stated he accorded "great weight" to the opinion of Dr. Anagnost, Plaintiff's treating orthopedic doctor "because he had the opportunity to treat Plaintiff and offered his opinion based upon the examination signs and findings." [R. 17] However, Dr. Anagnost, placed Plaintiff on permanent work restrictions of lifting less than 25 pounds, no ladders, and no frequent stooping or any crawling. [R. 356]. The ALJ's finding that Plaintiff "has the residual functional capacity to perform the full range of light

work," [R. 14], does not include Dr. Anagnost's limitations of no ladders, no frequent stooping and no crawling. Nor does the ALJ's RFC finding take into account the DDS opinion that Plaintiff was limited to occasional climbing, stooping, kneeling, crouching, and crawling, and had to avoid concentrated driving and heights due to history of seizures. There is no explanation for the obvious inconsistency between the limitations the treating physician and DDS expert found to exist and the RFC finding.[2] As a result, the ALJ's decision must be reversed because the RFC finding is not supported by substantial evidence.

The court rejects the Commissioner's suggestion that the case should be affirmed because the job of arcade attendant identified by the vocational expert does not require climbing, crawling, and stooping. There is nothing in the record addressing whether such a job would be suitable for one with limitations due to a history of seizures.[3]

Consideration of Medical Source Opinions

Following an on the job injury Plaintiff was seen by Robert L. Lovell, D.O., on June 23, 2005. Dr. Lovell diagnosed Plaintiff with lumbar strain and limited her work activities to no lifting over 10 pounds, no pushing/pulling over 10 pounds, no bending more than one time per hour, no prolonged standing/walking longer than tolerated, and to sit as needed.

---

[2] In reversing the ALJ's decision, the court expresses no opinion about whether any limitations should, or should not, be included in the RFC. The case is being remanded for an explanation of the inconsistency between giving great weight to Dr. Anagnost's opinion and reliance on the opinion of the DDS experts and the omission from the RFC of limitations they found to exist.

[3] The Commissioner also argues that Plaintiff's past relevant work as a cashier and a waitress does not require climbing, crawling, and stooping. [Dkt. 16, p. 9]. Information about the past relevant work which was cited by the Commissioner comes from the DOT descriptions of those occupations. Those DOT numbers are not found in either the vocational expert's testimony, [R. 43-48], or the ALJ's decision, [R. 19-20]. Since there is no evidence in the record that the ALJ actually considered the DOT requirements for those jobs, the court will not consider the lawyer-supplied information about those jobs. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007)(addressing *post hoc* justification for ALJ's decision).

[R. 234-235]. Harold Battenfield, D.O., saw Plaintiff on June 29, 2005, for continued back pain. He advised Plaintiff to continue working modified duties with maximum 15 pounds lifting. [R. 604]. Plaintiff was seen on August 9, 2005, where she was given a refill of pain medication by Gregory S. Brooks, D.O. [R. 603]. Plaintiff saw Dr. Battenfield for the last time on August 17, 2005. [R. 608].

Steven C. Anagnost, M.D., treated Plaintiff for low back pain between August 26, 2005, [R. 616], and March 1, 2007, [R. 349]. Plaintiff's treatment included lumbar stabilization surgery performed on October 31, 2005. [R. 340]. On February 16, 2006, Dr. Anagnost noted that Plaintiff was to begin light duty with a limitation of 10 to 15 pounds lifting and was to transition out of her brace. [R. 361]. On March 27, 2006, Plaintiff underwent hardware removal. [R. 305]. On March 37, 2006, the doctor found that Plaintiff had some limitation of her flexion and extension and had lower extremity tingling, which was intermittent. [R. 356]. On June 2, 2006, Dr. Anagnost placed Plaintiff on the following restrictions:

> Lifting less than 25 pounds and no ladders. She should not do any frequent stooping or any crawling on a permanent basis.

[R. 356]. On March 1, 2007, Dr. Anagnost reiterated these restrictions. [R. 352]. The ALJ fully discussed Dr. Anagnost's treatment records and stated he accorded great weight to Dr. Anagnost's opinion. [R. 16-17].

Plaintiff asserts that the ALJ erred because he did not mention doctors Lovell, Battenfield, and Burk or their records. Plaintiff further contends that while the opinions of Dr. Anagnost were given great weight, the ALJ failed to state how he made that determination. The court finds no error in the ALJ's failure to mention the records of

doctors Lovell, Battenfield, and Burk. Thoses doctors treated Plaintiff for a short period of time before her case was taken over by by Dr. Anagnost, who is an orthopedic specialist. The ALJ fully and accurately summarized the records of Dr. Anagnost who had the longest and most extensive treatment relationship with Plaintiff.

The ALJ stated he gave only some weight to the opinions of Dr. Trinidad about Plaintiff's Worker's Compensation rating and the fact that , for a while, she was considered temporarily disabled under state law. [R. 18-19]. Plaintiff argues that the ALJ did not adequately explain the weight he gave Dr. Trinidad's report. However, Plaintiff has not demonstrated how further discussion of Dr, Trinidad's records would affect the outcome of the case. The court finds that the ALJ adequately explained his treatment of Dr. Trinidad's records.

Plaintiff also asserts that the case should be remanded for discussion of her physical therapy records dated April 19, 2006 through June 22, 2006. Again, Plaintiff failed to demonstrate that the content of these records has the potential to change the outcome of the case. The court finds no error in the ALJ's failure to discuss the physical therapy records.

<u>Credibility Determination</u>

There is no merit to Plaintiff's contention that the ALJ failed to properly evaluate her credibility. In deciding that Plaintiff was not credible, the ALJ noted that Plaintiff can load her washing machine, spend time on the computer, and go out to a karoke bar weekly. In addition, Plaintiff indicated that she was not taking any psychotropic or pain medication. [R. 16].

"Credibility determination are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005) (citation, brackets, and internal quotations marks omitted). The court finds that the ALJ's credibility analysis is sufficient and is supported by substantial evidence.

## Conclusion

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 7th day of September, 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE